UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES LASTRA

                                              *Plaintiff,*

-against-

THE CITY OF NEW YORK,

-and-

BILL DE BLASIO, in his official capacity as Mayor of the City of New York,

-and-

WILLIAM J. BRATTON, in his official capacity as Commissioner of the City of New York Police Department,

-and-

POLICE OFFICER EDMONDS (SHIELD NUMBER 29310), individually and in his official capacity,

-and-

POLICE OFFICER ANTOINE (SHIELD NUMBER TO BE PROVIDED UPON DISCOVERY), individually and in his official capacity,

-and-

POLICE OFFICERS JOHN DOE NOS. 1-4, the names being fictitious and representing five police officers employed by Defendant the New York City Police Department, individually and in their official capacities,

                                              *Defendants.*

Civil Action No. 16-CV-3088

**COMPLAINT FOR MONETARY DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

## NATURE OF THE CASE

1. This action is brought pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

1

## JURISDICTION AND VENUE

2.      Federal question jurisdiction is founded upon 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343.

3.      Pendant and supplemental jurisdiction is invoked pursuant to 28 U.S.C.A. § 1367 for this Court to decide claims that may arise under state law.

4.      Venue is proper under 28 U.S.C.A. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

5.      Plaintiff is now, and at all times relevant to this complaint was, a resident of the City of New York, County of Bronx, State of New York.

6.      Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers and other law enforcement officials, employees, and agents, as said risks attach to the public consumers of the services provided by the NYPD.

7.      Defendant BILL DEBLASIO is and was at all times herein mentioned the Mayor of the City of New York. The Mayor is the chief executive officer of New York City. As such, he is responsible for the actions and policies of the NYPD, and the effectiveness and integrity of the CITY's government operation. Pursuant to the New York City Charter, he must establish and maintain such policies and procedures as are necessary and appropriate to accomplish this responsibility. He is sued in his official capacity.

8.      Defendant WILLIAM J. BRATTON is and was at all times herein mentioned the NYPD's Commissioner. He is appointed by the Mayor and is the chief executive officer of the NYPD. Among other duties, Commissioner Bratton is responsible for the actions and policies of the NYPD, and for the execution of all the laws and rules and regulations of the laws and the rules and regulations of the State, CITY, and the NYPD. He is sued in his official capacity.

9.      Defendants POLICE OFFICER EDMONDS (SHIELD NUMBER 29310), POLICE OFFICER ANTOINE (SHIELD NUMBER TO BE PROVIDED UPON DISCOVERY), and POLICE OFFICERS JOHN DOE NOS. 1-4 ("the Individual Defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD. They are sued in their official and individual capacities.

10.     At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD and CITY, and they otherwise performed and engaged in conduct

incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD and CITY at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

11. The true full names and shield numbers of the Individual Defendants are not currently known to Plaintiff. However, they each were employees or agents of the NYPD and CITY on the date of the incident. Accordingly, they are each entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known and (b) that the Law Department should immediately begin preparing their defense in this action.

## NOTICE OF CLAIM

12. Plaintiff served a Notice of Claim, annexed hereto as **Exhibit 1**, on the CITY's Office of the Comptroller and the Law Department, on December 10, 2014.

13. Although said Notice of Claim was not served timely pursuant to New York State General Municipal Law § 50-e(1)(a), Plaintiff's late service was excused by an Order of the New York Supreme Court, County of New York, entered April 26, 2016, which is annexed hereto as **Exhibit 2**.

## JURY DEMAND

14. Plaintiff demands a trial by jury in this action on each and every one of his claims.

## FACTUAL ALLEGATIONS

15. On September 6, 2014, at approximately 2:15 p.m., Plaintiff was walking to a Rite Aid Pharmacy which is located at 650 Castle Hill Avenue, Bronx, New York 10473 ("the Rite Aid"), with the intention of purchasing hair gel before ultimately attending Sabbath services at the Church of God International in Queens, as he does every Sabbath as a practicing member of that faith.

16. As Plaintiff passed a parking lot at the corner of Cincinnatus Avenue and Castle Hill Avenue, he spotted Defendants POLICE OFFICER EDMONDS and POLICE OFFICER ANTOINE ("the Arresting Officers") standing together in said parking lot. The Arresting Officers were strangers to Plaintiff at that time, but Plaintiff waved hello to them and continued on his way toward the Rite Aid.

17. At approximately 2:25 p.m., Plaintiff entered the Rite Aid and proceeded to look for the hair gel he wanted.

18. At approximately 2:30 p.m., the Arresting Officers entered the Rite Aid, walked directly over to Plaintiff, and asked Plaintiff what he was doing in the store. Plaintiff told the Arresting Officers that he was there to purchase hair gel.

19. The Arresting Officers then verbally, and within earshot of multiple Rite Aid customers and employees, falsely accused Plaintiff of jaywalking, demanded that Plaintiff show them identification, which Plaintiff did, forcefully and vigorously searched Plaintiff's person in plain sight of multiple and Rite Aid customers and employees, grabbed Plaintiff's legs and groin while ordering Plaintiff to keep his hands on a store shelf, emptied Plaintiff's pockets, and demanded in plain sight and within earshot of multiple Rite Aid customers and employees that Plaintiff falsely admit to carrying illegal narcotics, which Plaintiff refused to do.

20. Plaintiff then asked Defendant POLICE OFFICER EDMONDS if he was free to leave, and he told Plaintiff that he would first have to check Plaintiff's driver's license with his cellular phone to determine if Plaintiff had any outstanding warrants.

21. Defendant POLICE OFFICER EDMONDS then falsely told Plaintiff in plain sight and within earshot of multiple Rite Aid customers and employees that there was a warrant out for Plaintiff's arrest, but when Plaintiff asked him what the basis for the warrant was, he said "I don't know yet."

22. The Arresting Officers then ordered Plaintiff outside, at which point Plaintiff asked Defendant POLICE OFFICER EDMONDS again if he was free to leave, and Defendant POLICE OFFICER EDMONDS asked Plaintiff in a hostile manner where Plaintiff was headed.

23. Plaintiff told Officer Edmonds that he was headed to Sabbath services, and Defendant POLICE OFFICER EDMONDS then demanded that Plaintiff tell him the location of the services, the religious organization holding them, and other inappropriately personal questions pertaining to Plaintiff's religious faith.

24. Plaintiff then asked Defendant POLICE OFFICER EDMONDS one more time whether he was under arrest or free to leave, and Defendant POLICE OFFICER EDMONDS told Plaintiff that he was still checking Plaintiff's drivers' license for outstanding warrants.

25. Defendant POLICE OFFICER EDMONDS then summoned a squad car, and in plain sight of multiple Rite Aid customers and employees and of other witnesses, proceeded to forcibly place Plaintiff in handcuffs and place Plaintiff in the back seat of the squad car while repeating the aforementioned false accusations of criminal wrongdoing against Plaintiff within the eyesight and earshot of multiple witnesses.

26. At this time, the Arresting Officers had repeated their intrusive and public search of Plaintiff, which included the touching of Plaintiff's genital area on the outside of Plaintiff's clothing, approximately three to four times in additional to the aforementioned initial search while inside the Rite Aid.

27.     While Plaintiff was handcuffed and sitting in the back of the squad car, the Arresting Officers took turns verbally abusing and insulting Plaintiff and demanding that Plaintiff admit that he was carrying illegal drugs.

28.     In the drivers' seat of the squad car was a white NYPD police officer ("Officer Doe 1") and in the passenger side front seat was a light-skinned black or Hispanic NYPD police officer ("Officer Doe 2") (together "the Driving Officers").

29.     Plaintiff protested to the Driving Officers that he had done nothing wrong, and the Driving Officers attempted to reason with Officer Edmonds that Plaintiff should be let go, but Officer Edmonds told them that Plaintiff "had a warrant" and that they should "take him in."

30.     Right before the squad car drove away, Officer Edmonds told the Driving Officers in the car to confiscate Plaintiff's cell phone, and they did.

31.     As the squad car drove away, Plaintiff began praying in the back seat. The Driving Officers told Plaintiff to "shut up" and made disparaging comments about Plaintiff's religious beliefs.

32.     Plaintiff suffers from heart, lung, and seizure conditions, and his symptoms began to worsen even further at this point as a result of his treatment by the Arresting and Driving Officers, including the onset of a seizure, the inability to swallow, a tight throat, a dry mouth, and growing anxiety. Plaintiff begged the Driving Officers for water and medical attention, but neither was provided. Plaintiff asked the Driving Officers where they were taking him, but they did not answer. At this time, Plaintiff, fearing for his life, began praying and audibly asking God to deliver him from these unjust circumstances. The Driving Officers thereafter yelled at Plaintiff repeatedly to "shut the fuck up" and again mocked his religious practices.

33.     Ultimately the squad car arrived at a Bronx Housing Authority Police building located at 2794 Randall Ave in the County of Bronx, State of New York, wherein Plaintiff was detained in a holding cell and quietly began praying again in a corner of the cell.

34.     Soon thereafter, another officer ("Officer Doe 3"), entered the cell, grabbed Plaintiff tightly by the arm, and brought Plaintiff to a front desk, where a Sergeant ("Officer Doe 4") returned Plaintiff's belongings, including Plaintiff's cell phone, gave Plaintiff a summons to the Bronx County Criminal Court, and in a rude and aggressive manner told Plaintiff to "get out of here." Officer Doe 3 and Officer Doe 4 then forcibly threw Plaintiff out of the building and into the street.

35.     The summons indicated that Plaintiff was charged with jaywalking, 34 RCNY § 4-04(c)(2). Plaintiff was never charged with any other offense or violation as a result of the events of September 6, 2014.

36.     Plaintiff maintained his complete innocence through the prosecution of the jaywalking charge.

37. The jaywalking charge was dismissed at Plaintiff's bench trial on January 15, 2015, on the oral motion of Plaintiff's defense counsel, as the judge found Officer Edmond's testimony to be neither credible nor sufficient to satisfy the People's burden. The Certificate of Disposition from that bench trial is annexed hereto as **Exhibit 3**.

## CAUSES OF ACTION

### COUNT I
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
(Against the Individual Defendants)

38. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. By the Individual Defendants' conduct and actions in falsely arresting Plaintiff, exercising unreasonable and wholly unprovoked force against Plaintiff, arresting Plaintiff in retaliation for engaging in constitutionally protected activity and the prior restraint of the same, falsely accusing Plaintiff of criminal wrongdoing, abusing process, abusing the criminal process, and failing to intercede to prevent the complained of conduct, the Individual Defendants, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

40. As a result of the foregoing, Plaintiff was deprived of liberty, suffered physical harm and emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

### COUNT II
### *MONELL* CLAIM BROUGHT THROUGH 42 U.S.C. § 1983
(Against Defendants the CITY, BILL DE BLASIO, and WILLIAM J. BRATTON (together "the Municipal Defendants")

41. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. The Individual Defendants' acts and omissions described above were carried out pursuant to the CITY's overlapping customs and practices which were in existence on September 6, 2014 and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the CITY and its agency, the NYPD.

43. The acts complained of were carried out by the Individual Defendants in their capacities as police officials pursuant to customs, policies, usages, practices, procedures and rules of the CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

44. The aforementioned customs and practices of the CITY and the NYPD include, but are not limited to making retaliatory arrests against persons on the basis of their membership or perceived membership in a religious minority group.

45. All of the foregoing acts by defendants deprived the plaintiff of federally protected rights, including, but limited to, the constitutional rights enumerated in paragraph 39.

46. The Municipal Defendants knew or should have known that the acts alleged herein would deprive the plaintiff of his rights, in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

47. The Municipal Defendants are directly liable and responsible for the acts of the Individual Defendants because they repeatedly and knowingly failed to properly supervise, train, instruct, and discipline the Individual Defendants and because they repeatedly and knowingly failed to enforce the rules and regulations of the CITY and NYPD and failed to require compliance with the Constitution and laws of the United States.

48. Despite knowledge of such unlawful de facto policies, practices and/or customs, the Municipal Defendants, have not taken steps to terminate these policies, practices and/or customs, have failed to discipline individuals who engage in such polices, practices and/or customs, and have failed to otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead have and continue to sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to, and/or reckless disregard of the effect of said policies, practices and/or customs upon the constitutional rights of persons within the City of New York.

49. The aforementioned policies, practices and/or customs of failing to supervise, train, instruct and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein. Specifically, pursuant to the aforementioned policies, practices and/or customs, the Individual Defendants felt empowered to exercise unreasonable and wholly unprovoked force against Plaintiff, falsely arrest Plaintiff, arrest Plaintiff in retaliation for engaging in constitutionally protected activity and effect the prior restraint of the same, falsely accuse Plaintiff of criminal wrongdoing, abuse process, abuse the criminal process, and fail to intercede to prevent the complained of conduct

50. Plaintiff's injuries were a direct and proximate result of the Municipal Defendants' wrongful de facto policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the Municipal Defendants to properly supervise, train and discipline their police officers.

51. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

52. As a direct and proximate result of Defendants' acts and conduct, Plaintiff suffered and continues to suffer physical and/or psychological injuries and endured great pain and suffering.

## COUNT III
### ASSAULT UNDER NEW YORK STATE COMMON LAW
(against the Individual Defendants)

53. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. As set forth above, the Individual Defendants assaulted Plaintiff.

55. As set forth above, the Individual Defendants sexually assaulted Plaintiff.

56. As a direct and proximate result of Defendants' acts and conduct, Plaintiff suffered and continues to suffer physical and/or psychological injuries and endured great pain and suffering.

## COUNT IV
### BATTERY UNDER NEW YORK STATE COMMON LAW
(against the Individual Defendants)

57. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

58. As set forth above, the Individual Defendants committed a battery against Plaintiff.

59. As set forth above, the Individual Defendants sexually abused and battered Plaintiff.

60. As a direct and proximate result of Defendants' acts and conduct, Plaintiff suffered and continues to suffer physical and/or psychological injuries and endured great pain and suffering.

## COUNT V
### FALSE ARREST UNDER NEW YORK STATE COMMON LAW
(against the Individual Defendants)

61. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. On September 6, 2014, at approximately 3:00 p.m.., Plaintiff was arrested by Defendants the Arresting Officers.

63. The arrest was caused by said Defendants without any warrant or legal process and without authority of the law and without any reasonable grounds or cause to believe that the Plaintiff was guilty any crime, or that the Arresting Officers had just or probable cause to arrest Plaintiff.

64. Plaintiff was wholly innocent of any crime and did not contribute in any way or manner to his arrest, and was forced to submit to the arrest, imprisonment and confinement completely against his will.

65. The Arresting Officers intended to arrest and confine Plaintiff.

66. Plaintiff was conscious of the arrest and confinement

67. Plaintiff did not consent to the arrest, and the arrest was not otherwise privileged.

68. The Driving Officers acted in concert and aided and abetted the aforementioned wrongful conduct by the Arresting Officers.

69. By reason of the false arrest and detention of Plaintiff, he was subjected to great indignity, humiliation, pain, and great distress of mind and body and has otherwise been damaged.

## COUNT VI
### FALSE IMPRISONMENT UNDER NEW YORK STATE COMMON LAW
(against the Individual Defendants)

70. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. On September 6, 2014, the Individual Defendants intentionally handcuffed and imprisoned Plaintiff, without any just cause or grounds therefor, and held him against his will under full force of arms until he was released.

72. The imprisonment was caused by the Individual Defendants without any warrant or other legal process and without authority of the law and without any reasonable grounds or cause to believe that Plaintiff was guilty of any crime, or that the Individual Defendants had just cause to imprison Plaintiff.

73. The plaintiff was wholly innocent of any crime and did not contribute in any way or manner to his arrest by the Individual Defendants, and was forced to submit to the arrest, imprisonment, and confinement completely against his will.

74. The Individual Defendants, as set forth above, intended to confine Plaintiff.

75. Plaintiff was conscious of the confinement.

76. Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

77.     By reason of the false imprisonment and detention of Plaintiff, he was subjected to great indignity, humiliation, pain, and great distress of mind and body and has otherwise been damaged.

## COUNT VII
### SLANDER UNDER NEW YORK STATE COMMON LAW
(against Defendants the Arresting Officers)

78.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

79.     As set forth above, Defendants the Arresting Officers slandered Plaintiff.

80.     The Arresting Officers the following slanderous and absolutely false statements Plaintiff, or words to that effect, on September 6, 2014 in the presence and within earshot of multiple Rite Aid employees and customers: (a) that Plaintiff was then carrying and in possession of illegal drugs and (b) that Plaintiff then had outstanding criminal warrants.

81.     As a direct and proximate result of the acts of the Arresting Officers, Plaintiff suffers and continues to suffer, physical, psychological, and economic injuries, was deprived of his physical liberty and was the subject of disdain, jeer, and derision within the community.

## COUNT VIII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEW YORK STATE COMMON LAW
(against the Individual Defendants)

82.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

83.     By virtue of the foregoing, the Individual Defendants intentionally inflicted emotional distress upon Plaintiff.

84.     As a direct and proximate result of the acts of the Individual Defendants, Plaintiff suffers and continues to suffer, physical, psychological, and economic injuries, was deprived of his physical liberty and was the subject of disdain, jeer, and derision within the community.

## COUNT IX
### MALICIOUS PROSECUTION UNDER NEW YORK STATE COMMON LAW
(against the Individual Defendants)

85.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86. On September 6, 2014, Plaintiff was charged by Defendants with the violation of jaywalking pursuant to 34 RCNY § 4-04(c)(2). The charges were lodged against Plaintiff without probable cause or justification, and were designed to harass and intimidate Plaintiff, to Plaintiff to expend great sums of money for his defense, to embarrass Plaintiff in the community, and among his friends and relatives, and as a post-hoc justification for Plaintiff's false, wrongful, and unconstitutional imprisonment that same day.

87. On January 15, 2015, the jaywalking charges against the plaintiff were dismissed by a judge in the Criminal Court of the City of New York, County of Bronx.

88. The aforementioned conduct constituted malicious prosecution on the part of Defendants against Plaintiff, and this malicious prosecution has caused Plaintiff to undergo extreme mental pain and anguish, humiliation, and damage to his reputation.

89. This malicious prosecution was encouraged, aided, abetted, and incited voluntarily and willfully by the Individual Defendants.

90. As a result of this malicious prosecution plaintiff has suffered damage to his reputation and employability and incurred the costs of court attendance to respond to the aforementioned charges.

91. The above acts constituted reckless, wanton misconduct and were willfully and maliciously directed against Plaintiff.

92. Plaintiff because of the foregoing reckless and malicious actions, is entitled to exemplary or punitive damages against the Individual Defendants.

## COUNT X
### RESPONDEAT SUPERIOR UNDER NEW YORK STATE COMMON LAW
(against the Municipal Defendants)

93. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

94. In committing the above alleged acts the Individual Defendants were members and agents of the CITY and NYPD, acting at all relevant times within the scope of their employment.

95. The Municipal Defendants are therefore liable as principals for all torts committed by their agents, the Individual Defendants.

## COUNT XI
### NEGLIGENCE UNDER NEW YORK STATE COMMON LAW
(against all Defendants)

96. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

97. The Municipal Defendants were negligent, careless, and reckless in hiring, retaining, supervising, and promoting the Individual Defendants.

98. The Individual Defendants, as employees of the CITY and NYPD, were not qualified to be hired, retained, or promoted as police officers, and lacked the experience, deportment, skill, training, and ability to be employed and retained by the CITY.

99. The Municipal Defendants failed to exercise due care and caution in its hiring, retaining, and/or promoting practices, in that the Municipal Defendants failed to adequately investigate the Individual Defendants' backgrounds, failed to adequately screen and test the Individual Defendants, failed to adequately monitor the Individual Defendants, failed to properly discipline officers who violated Patrol Guidelines, and failed to properly train and retrain officers, and they were otherwise negligent, careless, and reckless.

100. The aforementioned assault and battery, false arrest and imprisonment, slander, intentional infliction of emotional distress, malicious prosecution, and resulting injuries to Plaintiff were caused wholly and solely by reason of the negligence or deliberate indifference of Defendants, without any negligence on the part of Plaintiff contributing thereto.

101. As a result, Plaintiff was damaged.

## COUNT XII
### CONSTITUTION OF THE STATE OF NEW YORK, ART. I, § 12
(against All Defendants)

102. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

103. As a result of the above alleged acts, Defendants violated Plaintiff's rights pursuant to Section 12 of Article I of the Constitution of the State of New York, and Plaintiff was damaged as a result.

## COUNT XIII
### NEW YORK CIVIL RIGHTS LAW § 8
(against All Defendants)

104. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

105. As a result of the above alleged acts, Defendants violated Plaintiff's rights pursuant to Section 8 of the New York Civil Rights Law, and Plaintiff was damaged as a result.

## COUNT XIV
### CONSTITUTION OF THE STATE OF NEW YORK, ART. I, § 11
(against All Defendants)

106. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

107. As a result of the above alleged acts, Defendants violated Plaintiff's rights pursuant to Section 11 of Article I of the Constitution of the State of New York, and Plaintiff was damaged as a result.

## COUNT XV
### CONSTITUTION OF THE STATE OF NEW YORK, ART. I, § 3
(against All Defendants)

108. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

109. As a result of the above alleged acts, Defendants violated Plaintiff's rights pursuant to Section 3 of Article I of the Constitution of the State of New York, and Plaintiff was damaged as a result.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

1. Compensatory general damages against each Defendant, jointly and severally, in the amount proven at trial;

2. Compensatory special damages including, but not limited to, medical expenses, and lost income;

3. Punitive and exemplary damages against each individual Defendant (as allowed by law) in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

4. Costs of suit;

5. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988, and as otherwise authorized by statute or law;

6. Pre- and post-judgment interest as permitted by law; and

7. Such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

Dated: Brooklyn, New York
      April 26, 2016

_____
GEOFFREY SCHOTTER, ESQ. (GS4214)
*Counsel for Plaintiff*
65 Lenox Road #1E
Brooklyn, New York 11226
Phone: (347) 413-9014
Fax:    (718) 228-8696
Email: geoffrey.schotter@gmail.com

Dated: Brooklyn, New York
      April 26, 2016

_____
GEOFFREY SCHOTTER, ESQ. (GS4214)
*Counsel for Plaintiff*
65 Lenox Road #1E
Brooklyn, New York 11226
Phone: (347) 413-9014
Fax:    (718) 228-8696
Email: geoffrey.schotter@gmail.com