UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES LASTRA,<br><br>                               *Plaintiff,*<br><br>-against-<br><br>THE CITY OF NEW YORK,<br><br>-and-<br><br>BILL DE BLASIO, in his official capacity as Mayor of the City of New York,<br><br>-and-<br><br>WILLIAM J. BRATTON, in his official capacity as Commissioner of the City of New York Police Department,<br><br>-and-<br><br>POLICE OFFICER EDMONDS (SHIELD NUMBER 29310), individually and in his official capacity,<br><br>-and-<br><br>POLICE OFFICER ANTOINE (SHIELD NUMBER TO BE PROVIDED UPON DISCOVERY), individually and in his official capacity,<br><br>-and-<br><br>POLICE OFFICERS JOHN DOE NOS. 1-4, the names being fictitious and representing five police officers employed by Defendant the New York City Police Department, individually and in their official capacities,<br><br>                               *Defendants.* | 16-cv-3088 (JGK)<br><br>AFFIRMATION OF GEOFFREY SCHOTTER, ESQ. IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL |

GEOFFREY SCHOTTER, ESQ., an attorney duly admitted to the practice of law before the courts of the United States District Court for the Southern District of New York, affirms the following under penalty of perjury:

    1.    On December 11, 2014 I entered into a contract of employment with James Lastra, Plaintiff in the above action (hereinafter "Plaintiff"), in which I was retained to

investigate Plaintiff's claims against the above-captioned Defendants and file suit on Plaintiff's behalf if I determined that it was feasible to do so. Plaintiff and I agreed that compensation for my services would consist of thirty-three and one third percent (33⅓%) of any sum recovered as the result of any claim or action filed on Plaintiff's behalf in this matter.

2. Since entering into the representation agreement with Plaintiff in this action, I have acted with the diligence required of me as an attorney in representing Plaintiff, including but not limited to filing a timely Notice of Claim with the City of New York, Office of the Comptroller (hereinafter 'Comptroller's Office"), successfully petitioning the New York State Supreme Court to excuse Plaintiff's late service of a notice of claim on the City of New York, and commencing the present action within the statute of limitations period set forth for all of the federal and state causes of action set forth in the Complaint.

3. However, Plaintiff and I disagree fundamentally and materially regarding strategic and tactical issues bearing on the pursuit of the above-captioned pending litigation. In order to protect Plaintiff's interests and avoid prejudicing him in any way, shape, or form going forward, I am refraining from discussing the substance of our disagreement in any more specific detail herein, and should this Court wish to consider the details of our disagreement here omitted, I respectfully request that the Court schedule a date and time for *in camera* review, wherein those details can be explained privately.

4. Plaintiff has also accused me, unfairly and without any basis or foundation, of making concessions to Defendants in my correspondence with Defendants' counsel that materially harm his interests and of failing to oppose applications made by Defendants which I determined would be futile to oppose. In order to protect Plaintiff's interests and avoid prejudicing him in any way, shape, or form going forward, I am refraining from discussing the

substance of these allegations Plaintiff has made against me in any more specific detail herein, and should this Court wish to consider the details of Plaintiff's unfounded allegations against me here omitted, I respectfully request that the Court schedule a date and time for *in camera* review, wherein those details can be explained privately.

5. I advanced the $400.00 filing fee to commence this action out of my office's own funds as soon as the Supreme Court's order granting Plaintiff *nunc pro tunc* leave to serve a late notice of claim on the City of New York was entered as a precautionary measure intended to avoid exceeding the statute of limitations on any of the claims asserted in the Complaint. Plaintiff had assured me, prior to the commencement of this action, that he would reimburse me the $400.00 filing fee within a reasonable amount of time thereafter, and I told Plaintiff that I would accept repayment in installments if Plaintiff could not repay me all at once. However, Plaintiff has to date reimbursed me only $100.00 of the $400.00 filing fee, and he did so on May 17, 2016, nearly one month prior to the date of this Motion.

6. Plaintiff's interests will not be adversely or materially affected by my withdrawal as counsel at this time because the present action was freshly commenced on April 26, 2016, discovery has not begun in this action, no conference has occurred yet in this action, Defendants have not yet served an answer on Plaintiff, and Defendants in fact will not serve an answer on Plaintiff until at least sixty days after they receive various signed releases from Plaintiff which Plaintiff has yet to provide them, as this case is subject to the Local Rule 83.10 Plan. Although Plaintiff does have a hearing pursuant to Section 50-h of the New York General Municipal Law scheduled for July 11, 2016, and although that hearing was adjourned once already and Plaintiff must now provide good cause in order to obtain a second adjournment, upon information and belief, my withdrawal as Plaintiff's attorney should constitute sufficient cause for Plaintiff to

obtain a second adjournment of the 50-h hearing. Furthermore, the initial notice for a 50-h hearing was served on Plaintiff via my office on April 14, 2016. It is annexed hereto as **Exhibit 1.** Plaintiff served a Notice of Claim on the City of New York on December 10, 2014. Section 50-h(2) of the New York General Municipal Law provides that "No demand for examination shall be effective against the claimant for any purpose unless it shall be served as provided in this subdivision **within ninety days** from the date of filing of the notice of claim." N.Y. Gen Mun. Law § 50-h(2) (emphasis added). Thus, Plaintiff likely has sufficient ground not to comply at all with the City of New York's demand that he attend a 50-h hearing.

7. Reasonable notice of my intention to seek permission from the court to withdraw from representation was given to Plaintiff on June 14, 2016 via electronic mail and first class mail. A copy of the correspondence from my office providing Plaintiff said notice is annexed hereto as **Exhibit 2.**

8. If this Motion is granted, I will waive my attorney's fee lien in this matter, although I will continue to assert as a lien my claim for the balance of the $400.00 commencement fee I advanced on Plaintiff's behalf.

9. No previous application has been made for the relief sought herein.

WHEREFORE, Geoffrey Schotter, Esq. respectfully requests that this Court enter an order granting his motion for leave to withdraw as counsel of record in this action pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Dated: Brooklyn, New York
      June 14, 2016

                                                                                             Geoffrey Schotter, Esq.
                                                                                            *Attorney for Plaintiff*
                                                                                            65 Lenox Road #1E
                                                                                            Brooklyn, New York 11226
                                                                                            (347) 413-9014