UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES LASTRA

*Plaintiff,*

-against-

THE CITY OF NEW YORK,

-and-

BILL DE BLASIO, in his official capacity as Mayor of the City of New York,

-and-

WILLIAM J. BRATTON, in his official capacity as Commissioner of the City of New York Police Department,

-and-

POLICE OFFICER EDMONDS (SHIELD NUMBER 29310), individually and in his official capacity,

-and-

POLICE OFFICER ANTOINE (SHIELD NUMBER TO BE PROVIDED UPON DISCOVERY), individually and in his official capacity,

-and-

POLICE OFFICERS JOHN DOE NOS. 1-4, the names being fictitious and representing five police officers employed by Defendant the New York City Police Department, individually and in their official capacities,

*Defendants.*

---

16-cv-3088 (JGK)

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

---

Pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Geoffrey Schotter, Esq. moves this Court for an order granting permission for him to withdraw as counsel to Plaintiff James Lastra ("Plaintiff").

The reason for this request is that that there are material differences between Plaintiff and I regarding strategic and tactical issues bearing on the pursuit of the litigation, that Plaintiff

-1-

accused me, unfairly and without any basis or foundation, of making concessions to Defendants in my correspondence with Defendants' counsel that materially harm his interests and of failing to oppose applications made by Defendants which I determined would be futile to oppose, that Plaintiff has failed to reimburse my office the full amount of the $400.00 filing fee that my office advanced on his behalf to commence this action in spite of promising to do so within a reasonable time after the commencement of this action, and that withdrawal can be accomplished without adverse material effect on Plaintiff's interests.

## I.    ARGUMENT

Local Civil Rule 1.4, "Withdrawal or Displacement of Attorney of Record," provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or
> displaced only by order of the court and may not withdraw from a case without
> leave of court granted by order. Such an order may be granted only upon a
> showing by affidavit or otherwise of satisfactory reasons for withdrawal or
> displacement and the posture of the case, including its position, if any, on the
> calendar.

Local Civil Rule 1.4

### A.    Plaintiff and I Disagree Fundamentally as to Strategic and Tactical Issues bearing on the Pursuit of the Litigation

This Court, applying Local Civil Rule 1.4, granted an attorney's motion to withdraw as counsel on the ground that there existed material differences between attorney and client regarding strategic and tactical issues bearing on the pursuit of the litigation. *See Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003). Similar material differences regarding

tactical and strategic issues in this matter exist between Plaintiff and me that the same result is therefore justified in the instant motion.

**B.      Plaintiff Has Both Made It Unreasonably Difficult for Me to Continue Representing Him in This Matter and Has Deliberately Disregarded an Agreement or Obligation as to Expenses**

Disciplinary Rules 2-110(C)(1)(d) and (f) of the ABA Model Code of Professional Responsibility provide for permissive withdrawal if a client either "makes it unreasonably difficult" for counsel to represent effectively the client or if the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Model Code of Professional Responsibility DR 2-110 (1980). *See also* Model Rules of Professional Conduct Rule 1.16(b)(5), (6) (1983) (providing similar guidance); *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990).

"Although the Model Code 'was drafted solely for its use in disciplinary proceedings and cannot by itself serve as a basis for granting a motion to withdraw as counsel,'" the United States Court of Appeals for the Second Circuit has held that "the Model Code provides guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel." *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1990).

Plaintiff's baseless allegations that I made deals with opposing counsel without consulting him that harm his interests in this case make it "unreasonably difficult" for me to continue to represent him in this matter. If I am hindered from exercising my professional judgment in the decisions I make on Plaintiff's behalf because I must "walk on eggshells" when making tactical and strategic decisions in real time in this case, lest Plaintiff accuse me of somehow betraying him to his adversary, then I cannot effectively perform my duties as his attorney.

Furthermore, Plaintiff's excessive tardiness in reimbursing me in full for the $400.00 my office advanced in order to commence this action amounts "deliberate[] disregard[ of] an agreement or obligation to the lawyer as to expenses or fees."

It is appropriate under these circumstances for this Court to grant the instant motion.

## C.     Withdrawal Can Be Accomplished Without Material Adverse Effect on the Interests of Plaintiff

Local Civil Rule 1.4 directs the Court to consider "the posture of the case, including the position, if any, on the calendar." At the present time, there has not been a single court appearance in this matter. Indeed, this case was commenced on April 26, 2016, and Defendants have not even been served with the signed releases from Plaintiff that would start the clock for them to serve an answer pursuant to the Local Rule 83.10 Plan.

Although Plaintiff does have a hearing pursuant to New York General Municipal Law § 50-h scheduled for July 11, 2016 that was adjourned from an earlier date and therefore must show good cause for a second adjournment, Plaintiff is now on notice that this Motion may be granted and has roughly one month until the 50-h hearing to find new counsel. In the event this Court grants the instant Motion and Plaintiff is unable to find new counsel by July 11, 2016, those circumstances themselves will very likely constitute good cause for a second adjournment of the 50-h hearing.

Finally, Plaintiff has grounds to contest his obligation to appear at a 50-h hearing at all because the initial 50-h hearing notice was served long after ninety days after the notice of claim was served on the city of New York. *See* N.Y. Gen. Mun. Law § 50-h(2) ("No demand for examination shall be effective against the claimant for any purpose unless it shall be served as provided in this subdivision within ninety days from the date of filing of the notice of claim.")

WHEREFORE, Geoffrey Schotter, Esq. respectfully requests that this Court enter an order granting his motion for leave to withdraw as counsel of record in this action pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Dated: Brooklyn, New York
      June 14, 2016

<br>

                                  Geoffrey Schotter, Esq.
                                  *Attorney for Plaintiff*
                                  65 Lenox Road #1E
                                  Brooklyn, New York 11226
                                  (347) 413-9014