UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES LASTRA,

                                         Plaintiff,

                                                                    AMENDED COMPLAINT
                      -against-                                     (Jury Trial Demanded)

CITY OF NEW YORK, POLICE OFFICER DESHAWN                            16 Civ. 3088 (JGK) (JCF)
EDMONDS, Shield No. 29310, and POLICE OFFICER
JAMES ANTOINE,

                                         Defendants.

------------------------------------------------------------------------X

        Plaintiff James Lastra, by his attorney Scott A. Korenbaum, Esq., for his Amended

Complaint, alleges as follows:

                               Preliminary Statement

        1.      Plaintiff James Lastra brings this action pursuant to, among other things, 42

U.S.C. § 1983, to redress the deprivation of his federal constitutional rights.  During the

afternoon of September 6, 2014, defendants, each of whom were members of the New York City

Police Department (the "Department"), arrested Mr. Lastra for Jaywalking (34 RCNY § 4-

04(c)(2)).  This arrest was made without probable cause to believe Mr. Lastra had committed an

offense.

        2.      Following his arrest, Mr. Lastra was required to appear in court.  On January 15,

2015, Justice Adlerberg presided over a bench trial.  He dismissed the charge, on oral motion,

after hearing defendant Edmond's testimony.

                               JURISDICTION AND VENUE

        3.      Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as plaintiff's

claims arise under federal law.  Pursuant to 28 U.S.C. § 1367, jurisdiction is proper regarding

plaintiff's claims brought pursuant to the laws of the State of New York.

4.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper as the events giving rise to these claims occurred in the State of New York, County of Bronx.

<u>PARTIES</u>

5.      James Lastra is a United States citizen.  At the time of the incidents complained of he resided in Bronx County.

6.      Defendant Edmonds was, at all times relevant herein, a member of the Department holding the rank of Police Officer.  Upon information and belief, at all times relevant herein, he was assigned to PSA 8 in the Bronx.

7.      Upon information and belief, defendant Edmonds still holds the rank of Police Officer.  At all times relevant herein, Edmonds was acting within the scope of his employment and under color of law.

8.      Defendant Antoine was, at all times relevant herein, a member of the Department holding the rank of Police Officer.  Upon information and belief, at all times relevant herein, he was assigned to PSA 8 in the Bronx.

9.      Upon information and belief, defendant Antoine still holds the rank of Police Officer.  At all times relevant herein, Antoine was acting within the scope of his employment and under color of law.

10.     Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York.  It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York.  At all times relevant herein, it was the employer of the individual defendants.

-2-

ADMINISTRATIVE PREREQUISITES

11.     On December 10, 2014, Mr. Lastra filed a Notice of Claim with defendant City of New York in accordance with the General Municipal Law concerning the facts underlying his arrest and prosecution.

12.     Although Mr. Lastra filed the Notice of Claim five days late, he filed a petition for leave to file a late notice of claim on September 4, 2015, which stayed the time to commence an action.  By Order filed and entered on April 26, 2016, Supreme Court, New York County, granted Mr. Lastra's application.  This action was commenced within one year and 90 days from the date of the occurrences alleged herein, including the time stayed while the petition was pending, as required under Section 50-i of the General Municipal Law.

FACTS

13.     On September 6, 2014, at approximately 2:15 p.m., Mr. Lastra was walking to a Rite Aid Pharmacy located at 650 Castle Hill Avenue in the Bronx.  Mr. Lastra entered the Rite-Aid a short time later.

14.     About five minutes after Mr. Lastra had entered Rite-Aid, defendants Edmonds and Antoine entered the store.  They approached Mr. Lastra and asked him what he was doing.  Mr. Lastra told them he was purchasing a hair product.

15.     The defendants then began to verbally accost Mr. Lastra in front of Rite-Aid customers and employees.  They falsely accused him of jaywalking, and demanded that he show them identification.  Mr. Lastra complied.

16.     The defendants then forcibly searched Mr. Lastra.  They emptied his pockets (without any basis to do so) over Mr. Lastra's objections.

17.     Defendants kept Mr. Lastra at the Rite-Aid even though he asked if he were free

-3-

to go.  In response, Edmonds told him that he had to conduct a warrant check, and then falsely told him that there was a warrant for his arrest.

18.     Ultimately, Edmonds, with Antoine standing by, forcibly handcuffed and placed Mr. Lastra in a squad car that Edmonds had summoned.  Before doing so, they conducted an intrusive search of Mr. Lastra's person. They also demanded that he admit to carrying illegal narcotics, which Mr. Lastra would not do because he was not.

19.     As they drove to the precinct, Mr. Lastra complained to the officers (who were not the defendants) that he was suffering from, among other things, growing anxiety.  They told him to "shut the fuck up."

20.     Plaintiff was transported to a Bronx Housing Authority Police station located at 2794 Randall Ave.  Upon arrival, he was placed in a holding cell.

21.     Ultimately, a police officer entered Mr. Lastra's cell, grabbed him tightly by the arm and brought him to the front desk.  A Sergeant at the front desk issued him a summons signed by Edmonds and rudely and aggressively told him to "get out of here."  An unidentified officer then forcibly threw Mr. Lastra out of the building and onto the street.

22.     As noted, Edmonds arrested Mr. Lastra for, and charged him with, Jaywalking (34 RCNY § 4-04(c)(2)).

23.     As also noted, Mr. Lastra was required to appear in court.  On January 15, 2015, Justice Adlerberg presided over a bench trial.  He dismissed the charge after hearing defendant Edmond's testimony.

24.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lastra requests a trial by jury.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – False Arrest)

25.     Plaintiff James Lastra repeats and realleges the allegations contained in paragraphs 1 through 24, as if fully set forth herein.

26.     On September 6, 2014, the defendants arrested Mr. Lastra.

27.     Edmonds and Antoine did not have probable cause to believe Mr. Lastra had committed any crime or offense.  Put simply, Lastra did not engage in any conduct that warranted his arrest and detention, and these defendants knew, or should have known, that probable cause did not exist for Mr. Lastra's arrest.

28.     As a result of defendants' conduct, Mr. Lastra was detained, and at all times he knew he was detained.  Moreover, Mr. Lastra did not consent to his confinement.

29.     Because defendants did not have probable cause to believe that Mr. Lastra had committed a crime, his arrest was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

30.     As a result of his arrest, Mr. Lastra suffered a loss of liberty, psychological injuries and bruising to his wrists.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - Malicious Prosecution)

31.     Plaintiff James Lastra repeats and realleges the allegations contained in paragraphs 1 through 30, as if fully set forth herein.

32.     On September 6, 2014, defendants arrested Mr. Lastra without probable cause, and they knew that Mr. Lastra was arrested without probable cause.

33.     As a result of his arrest, Mr. Lastra was prosecuted for the conduct for which he

was arrested.  Defendant Edmonds caused the commencement of the criminal prosecution against Mr. Lastra by issuing him a summons.

34.     Mr. Lastra was required to appear in court.  On January 15, 2015, Justice Adlerberg presided over a bench trial.  He dismissed the charge, on oral motion, after hearing defendant Edmond's testimony.

35.     At all times relevant herein, defendant Edmonds acted with malice.  He knew that Mr. Lastra was actually innocent of the offense with which he was charged.

36.     As the behavior of Mr. Lastra provided no justification for this defendant's conduct, Edmonds' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

37.     As a result of Edmond's conduct, Mr. Lastra suffered psychological injury.

THIRD CLAIM FOR RELIEF
(False Arrest/False Imprisonment–All Defendants)

38.     Plaintiff James Lastra repeats and realleges the allegations contained in paragraphs 1 through 37, as if fully set forth herein.

39.     On September 6, 2014, the defendants arrested Mr. Lastra.

40.     Edmonds and Antoine did not have probable cause to believe Mr. Lastra had committed any crime.  Put simply, Lastra did not engage in any conduct that warranted his arrest and detention, and these defendants knew, or should have known, that probable cause did not exist for Mr. Lastra's arrest.

41.     As a result of defendants' conduct, Mr. Lastra was detained, and at all times he knew he was detained.  Moreover, Mr. Lastra did not consent to his confinement.

42.     Because these defendants did not have probable cause to believe that Mr. Lastra

-6-

had committed a crime, no legal justification existed for his arrest.

43.     The individual defendants were agents of defendant City and were at all relevant times acting within the scope of their employment.

44.     As a result of his arrest, Mr. Lastra suffered a loss of liberty, psychological injuries and bruising to his wrists.

45.     As the employer of the individual defendants, defendant City is responsible for Mr. Lastra's injuries under the doctrine of *respondeat superior*.

FOURTH CLAIM FOR RELIEF<br>(Malicious Prosecution–Edmonds and City of New York)

46.     Plaintiff James Lastra repeats and realleges the allegations contained in paragraphs 1 through 45, as if fully set forth herein.

47.     On September 6, 2014, defendants arrested Mr. Lastra without probable cause, and they knew that Mr. Lastra was arrested without probable cause.

48.     As a result of his arrest, Mr. Lastra was prosecuted for the conduct for which he was arrested.  Defendant Edmonds caused the commencement of the criminal prosecution against Mr. Lastra.

49.     Following the commencement of the criminal prosecution, Mr. Lastra remained detained as result of his arrest.  He was required to appear in court to answer the baseless charges against him.

50.     On January 15, 2015, Justice Adlerberg presided over a bench trial.  He dismissed the charge, on oral motion, after hearing defendant Edmond's testimony.

51.     At all times relevant herein, defendant Edmonds acted with malice.  He knew that Mr. Lastra was actually innocent of the offense with which he was charged.

52.     As a result of his arrest and subsequent prosecution, Mr. Lastra suffered, and continues to suffer, psychological harm.

53.     As the employer of Edmonds, defendant City is responsible for the injuries Mr. Lastra suffered, and continues to suffer, as a result of Edmonds' conduct pursuant to the doctrine of *respondeat superior*.

FIFTH CLAIM FOR RELIEF<br>(Assault and Battery–All Defendants)

54.     Plaintiff William Lastra repeats and realleges the allegations contained in paragraphs 1 through 53, as if fully set forth herein.

55.     On September 6, 2014, one or more of the individual defendants intentionally and without legal justification touched Mr. Lastra in a harmful and offensive manner, and caused him to be put in fear for his safety.

56.     Mr. Lastra did not consent or authorize defendants to touch him this way.

57.     The individual defendants were agents of defendant City and were at all relevant times acting within the scope of their employment.

58.     As a result of the individual defendants' conduct, Mr. Lastra suffered bruising to his wrists and psychological injury.

59.     As the employer of the individual defendants, defendant City is responsible for the injuries Mr. Lastra suffered, and continues to suffers, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

PRAYER FOR RELIEF

WHEREFORE, Mr. Lastra prays for the following relief:

(a)     compensatory damages in an amount to be determined at trial;

-8-

(b)       punitive damages in an amount to be determined at trial;

(c)       reasonable attorneys' fees;

(d)       costs and expenses; and

(e)       such other and further relief as is just and proper.

Dated: New York, New York
       June 7, 2017

                         SCOTT A. KORENBAUM, ESQ.
                         Attorney for Plaintiff
                         11 Park Place, Suite 914
                         New York, New York 10007
                         (212) 587-0018

*Scott A. Korenbaum*

By:_____
                   Scott A. Korenbaum