USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/15/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES LASTRA,

        Plaintiff,

- against -

CITY OF NEW YORK, ET AL.,

        Defendants.

16-cv-3088 (JGK)

MEMORANDUM OPINION & ORDER

JOHN G. KOELTL, District Judge:

The plaintiff has filed objections to the April 24, 2018, Order of the Magistrate Judge that denied the plaintiff's motion for reconsideration of the Magistrate Judge's April 4, 2018, Order that granted a motion by the plaintiff's then-attorney, Scott Korenbaum, to withdraw. The motion for reconsideration also asked for a conference and other relief, all of which were denied. The plaintiff's objections are **overruled**.

The standard of review for a decision by the Magistrate Judge on a non-dispositive motion is whether the ruling is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004). An order is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, No. 00 Civ. 5004, 2001 WL 1142231, at *1 (S.D.N.Y. Sept. 27, 2001). "An order is contrary

to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal quotation marks omitted); see also Business Integration Servs., Inc. v. AT&T Corp., No. 06 Civ. 1863, 2008 WL 318343, at *1 (S.D.N.Y. Feb. 4, 2008).

There was nothing clearly erroneous or contrary to law in the Magistrate Judge's decision not to reconsider his determination that the plaintiff's attorney should be permitted to withdraw. Even taking into account all of the material submitted by the plaintiff to this Court, it is plain that the relationship between the plaintiff and Mr. Korenbaum is so irrevocably broken that it was not plain error to permit the withdrawal.

There does appear to be an open issue. In the objections before this Court, the plaintiff asks that Mr. Korenbaum turn over his file to the plaintiff. In his April 4, 2018, Order, the Magistrate Judge directed Mr. Korenbaum "to provide Mr. Lastra his file, if necessary." The Magistrate Judge should pursue if this has been done, and if not, why not and whether there is any issue of a retaining lien that must be resolved.

The plaintiff also complains about the failure to hold a conference before deciding the motion for reconsideration. Whether to hold a conference was within the discretion of the Magistrate Judge. It cannot be said that there was an abuse of

discretion in not holding a conference before deciding the motion. However, in supervising the conduct of the pre-trial proceedings in this case, it remains open to the Magistrate Judge to hold future conferences at the request of the parties if there are issues to be determined.

The plaintiff also states that he needs additional time to hire a new lawyer. It remains open to the Magistrate Judge to extend the time needed for the plaintiff to hire a new lawyer.

Accordingly, the plaintiff's objections to the Magistrate Judge's April 24, 2018, Order are **overruled.**

Finally, the plaintiff make a series of additional requests to this Court, such as to order defense counsel to produce various documents. See Objection at 14-15. Any requests for judicial assistance should be made to the Magistrate Judge in the first instance because the pre-trial proceedings in this case have been referred to the Magistrate Judge. Therefore, other than the objections to the Magistrate Judge's April 24, 2018, Order, which are overruled, any other requests are denied without prejudice to the plaintiff's ability to raise them with the Magistrate Judge.

**SO ORDERED.**

**Dated:** New York, New York
May 15, 2018

John G. Koeltl
United States District Judge