USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 6/18/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES LASTRA,

           Plaintiff,

- against -

CITY OF NEW YORK, ET AL.,

           Defendants.

16-cv-3088 (JGK)

MEMORANDUM OPINION & ORDER

JOHN G. KOELTL, District Judge:

The Court has received the June 12, 2018, letter filed by the pro se plaintiff, James Lastra. In that letter, Lastra asks the Court to remove the case from Magistrate Judge Lehrburger, to whom the case is assigned for general pretrial purposes. There is no basis for that relief. There is no showing that Magistrate Judge Lehrburger is biased against Lastra or that any reasonable person could conclude that he was biased. The request for removal from Magistrate Judge Lehrburger is therefore **denied**.

Lastra also asks for various additional orders staying this case and enjoining his prior counsel, Scott Korenbaum, from various actions. Those requests are **denied without prejudice** to raising them in the first instance before Magistrate Judge Lehrburger, to whom this case remains assigned for general pretrial purposes.

Finally, Lastra objects to Magistrate Judge Lehrburger's June 6, 2018, Order, which required Korenbaum to "mail Plaintiff's file to Plaintiff's mailing address by June 20, 2018," unless the parties otherwise agreed on a date for Lastra to pick up the file. Dkt. No. 118. Magistrate Judge Lehrburger also determined that Korenbaum need only provide printouts of email exchanges with Evan Jaffe, who is counsel for certain defendants, and need not disclose the "program used to compose the emails." Id. Lastra has failed to explain why Magistrate Judge Lehrburger's Order is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). Lastra objects that he did not have the opportunity to respond to Korenbaum's letter dated June 6, 2018, but the letter was not a motion that required a response, and a magistrate judge can deal with straightforward discovery issues based on correspondence that is copied to all the parties. If Lastra was displeased with Magistrate Judge Lehrburger's Order, he could have raised the issue with Magistrate Judge Lehrburger, and indeed can still do so. The objection to the June 6, 2018, Order is **overruled.**

**SO ORDERED.**

**Dated:** New York, New York
June 18, 2018

_/s/ John G. Koeltl_
**John G. Koeltl
United States District Judge**

2



# Fax *sent via hellofax.com*

## From
James Lastra    16 cv 3088

## To
District Judge John G. Koeltl

## Number of pages
9

## Message
Appeal letter of Magistrate Lehrburger June 6th, 2018 Order

Nine (9) pages including this cover page

James Lastra
2241 Lafayette Ave
Bronx, New York
10473
Phone 718 822-0728
June 12, 2018

United States District Court S.D.N.Y.
United States District Judge
Honorable District Judge Koeltl

Re: Appeal of Magistrate Lehrburger June 6th order, Court Conference and Stay of proceedings for the resolution of file

**Case Number: 16 cv 3088.**

Dear Judge Koeltl,

Plaintiff respectfully moves in his letter under his right to due process; the 14th Amendment; Federal Rules of Civil procedure 37, 26, 16, 11, and any and all applicable Federal Rules of Civil Procedure; Haines V. Kerner, 404 U.S.520 (1971); Nichols v. Keller, 19 Cal.Rptr.2d 601 (1993), Pucket v. Cox 456 F. 2nd 233(1972) (6th Cir. USCA) **Sage Realty Corporation v Proskauer Rose Goetz and Mendelsohn LLP 91 N.Y. 2d 30, 37, 666 N.Y.S. 2d 985,689, N.E 2d 879 and The United States v. Lundwall (SDNY)**, for the relief sought herein below:

On June 6th, 2018 plaintiff was deprived of his right to equal protection under the law by being deprived of his right to be heard regarding pivotal material evidence in Plaintiff's file in the custody of Scott Korenabaum; against whom prospective litigation for malpractice, among other things, is anticipated. Plaintiff was not permitted to submit any reply letter because the order was issued the same day.

Mr. Korenbaum, whom plaintiff has noticed anticipated litigation against, refused to produce material documents in his custody in their original format - specifically original emails. These are not only part of plaintiff's file but are also discoverable documents for related anticipated litigation against Mr. Korenbaum relevant to the charges that will be filed. Instead of transmitting the original emails between Mr. Korenabaum and third parties including but not limited to Mr. Evan Jaffe, he has instead premeditated to copy and paste them into an unknown software program <u>which changes the integrity of the emails **permitting alteration** of the said electronic documents and thereby destroying authentication of the documents which will be used in prospective litigation against him.</u> Of particular importance and concern is that the attachments from the unknown program that Korenbaum sent were <u>non readable and caused my device to crash; see</u> **EXHIBIT A**. This may be an indication of malicious software being sent to plaintiff by Korenbaum which can corrupt files; Korenbaum has communicated that he has utilized an unnamed

1

IT professional in our subsequent emails regarding the 43 plus email attachments he sent to me . Plaintiff is bringing misconduct charges against Mr. Korenbaum and from our email exchanges it seems that Mr. Korenbaum is worried about the said charges and the documentation in my custody. After plaintiff exercised his legal right by sending Korenbaum a notice to retain all originals and that ESI will be sought, Korenbaum responded with a warped racist allegation in order to intimidate plaintiff.

Particularly important in this matter, Mr. Korenbaum went through a long process to copy and paste emails into another software program <u>which he refuses to identify</u> and which caused my devices to crash when an attempt was made to download; copying and pasting changes the integrity of the emails permitting alteration of the said electronic documents. After the disruption to my device when I requested Mr. Korenbaum identify the program he used to copy and paste original emails that were non readable, 43 plus in total, he refused to identify the program. Modification and or destruction of material evidence in a pending and prospective litigation contradicts established case law. See ;

**The United States v. Lundwall SDNY[1]**

Subsequently Korenbaum wrote a letter to Magistrate Lehrburger on June 6th, 2018 regarding my file. Magistrate Lehrburger did not permit plaintiff to reply to the Korenbaum June 6th letter at all and issued an order on the <u>same day, of which I am appealing the entirety of .</u>

Plaintiff was not permitted to submit <u>any</u> reply - Magistrate Lehrburger's order was issued the same day without permitting any response from plaintiff. This is the second time that plaintiff was deprived of submitting a reply to Korenbaum's applications, except this time the order was issued the same day without permitting plaintiff any time to respond. I assert that this shows a bias against plaintiff and again request that my case be removed from Magistrate Lehrburger. I assert this is inconsistent with plaintiff's right to be heard; especially concerning pivotal material evidence that will be subject to discovery in upcoming prospective litigation. Moreover in accordance with the <u>Sage Court</u> *ibid*, the entirety of Plaintiff's file is plaintiff's property and all originals are relevant for any future attorney retained to litigate for misconduct etc.

Plaintiff respectfully points out that preserving the integrity of electronic originals for the trier of fact is a legal imperative especially in light of the prospective litigation that entails Mr. Korenbaum's misconduct which includes but is not limited to sexual

---

[1] The United States for the Southern District of New York refused to dismiss the indictment of two officials of Texaco for destroying documents in a civil case involving claims of racial discrimination against Texaco. After receiving instructions from its legal counsel to retain and collect documents relevant to the discrimination case, Texaco assigned two officials to collect relevant documents requested by the plaintiff. Instead, these officials first withheld and then destroyed documents sought by the plaintiff. The court held that the federal statute prohibiting obstruction of justice (18 U.S.C. §1503) -- "whoever corruptly...endeavors to influence, obstruct or impede, the due administration of justice, shall [be guilty of a federal crime] " -- was clear and broad enough to encompass the acts of document destruction. The court found that, even though civil penalties were available through discovery sanctions, prosecutors could pursue criminal sanctions against the individuals because their behavior had been intentional.

2

misconduct, collusion with the defense counsel, and potential document destruction and or alteration. Mr. Korenbaum has been a defendant's (NYPD) attorney for over 15 years. Plaintiff alleges that Mr. Korenbaum intends to <u>fabricate</u> documents for fraudulent allegations to protect himself form liability and in order to do that that he would need to be able to modify original electronic emails to cover up misconduct. Plaintiff intends to seek injunctive relief in his upcoming prospective lawsuit. *See Exhibit B page 3 shows 2nd Circuit Appellate Judges opinion of Korenbaum.*

WHEREFORE, for the above stated reasons Plaintiff prays for the following relief regarding appealing the entirety of the June 6th, 2018 Magistrate Lehrburger Order;

a) Plaintiff's case be removed from Magistrate Lehrburger to be managed by Your Honor

b) An immediate Stay of proceedings and Court conference to resolve the outstanding issue of the original email documents in plaintiff's file to be produced

c) An order enjoining Mr. Korenbaum from any destruction or alteration of all original documents in his custody, including but not limited to emails [ servers, laptops, pc(s) ] and notes in plaintiff's file because alteration or destruction presents irreversible material harm to this pending litigation and prospective anticipated litigation.

d) An order enjoining Mr. Korenbaum from any communication with any witnesses submitted in disclosures.

e) an order enjoining Mr. Korenbaum from any defamation, libel, or slander in accordance with my civil rights as a member of a protected class

Plaintiff is a person of good character, educated at Columbia University, and has been a Sabbath observer from his youth.

Respectfully submitted,

James Lastra - Plaintiff (718) 822-0728

Cc: Scott A Korenbaum esq.
Cc: Evan Jaffe Esq.








Ex A
p2 of 2

13-1582-cv
*Stanczyk v. City of New York, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: March 28, 2014    Decided: June 3, 2014)

Docket No. 13-1582-cv

ANNA STANCZYK,

*Plaintiff-Appellant,*

—v.—

CITY OF NEW YORK,
RICHARD DEMARTINO, Police Officer, Shield 12739, SHAUN GROSSWEILER,
Police Officer, JOHN DOE, 1-10, the names JOHN DOE being fictitious, as true
names are presently unknown, individually and in their official capacities,

*Defendants-Appellees.*\*

Before:
    WESLEY, CARNEY, *Circuit Judges*, RAKOFF, *District Judge*.\*\*

---

\* The Clerk of the Court is directed to amend the official caption as noted above.
\*\* The Honorable Jed S. Rakoff, of the United States District Court for the Southern
District of New York, sitting by designation.

allocation of damages makes little sense when a package offer does not permit individual defendants to independently settle the claims against them, *id.* at 18-19.

Beyond a conclusory request that we find in her favor, Stanczyk fails to explain why we should not follow the First Circuit's reading of Rule 68. We find the First Circuit's conclusion and reasoning consistent with Rule 68 and hold that Rule 68 offers need not, as a *per se* rule, expressly apportion damages among multiple defendants. With respect to apportionment, a Rule 68 offer is operative so long as it is capable of being compared to the prevailing plaintiff's ultimate recovery. Because the Offer meets this standard, we affirm the district court's decision below.

### 3. The Attorney's Fees Award

Lastly, Stanczyk claims that the district court erred in reducing the amount of her awardable attorney's fees.[11] This argument requires minimal attention.

In calculating attorney's fees, the district court must first determine the "lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – [which] creates a presumptively reasonable fee."

---

[11] We review a district court's award of attorney's fees for abuse of discretion. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

*Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted). The district court then has discretion to reduce the lodestar to reflect the degree of success achieved at trial. *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983).

Below, the district court determined that the hourly rate for Stanczyk's lead counsel required a downward adjustment on the basis that his poor representation negatively impacted Stanczyk's success at trial. *See Stanczyk*, 2013 WL 3208073, at *4-6. To justify this adjustment, the district court reasoned that although "there was ample evidence of Stanczyk's physical and mental injuries to support substantial compensatory and punitive damages," the jury's arguably low damages award was likely the result of Stanczyk's counsel's "failure to provide the jury with any monetary semblance of guidance." *Id.* at *4. For all the reasons discussed above – including Stanczyk's counsel's *laissez-faire* summation and his failure to submit a single medical bill or have any of Stanczyk's physicians or experts testify as to medical costs – the district court's attorney's fees award was within its discretion. *See id.* at *5.

To view a High Resolution & Color copy of this fax:

1. Go to www.hellofax.com/HighRes

2. Enter Access Code: e4c62ec967