USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-4-2020

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

James Lastra

Write the full name of each plaintiff or petitioner.

Case No. 16 CV 3088

-against-

City of New York, NYPD
P.O. Deshawn Edmonds, P.O. James Antoine

Write the full name of each defendant or respondent.

**NOTICE OF MOTION**

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 2-28-20

RECEIVED PRO SE OFFICE 2020 FEB 28 PM 4:45

PLEASE TAKE NOTICE that _Plaintiff_ _James Lastra_ 2/21/2020
                        plaintiff or defendant    name of party who is making the motion

requests that the Court:

Sealing of defendant counsel Pellegrino's letter motion of because of the implicit defamatory nature of said letter motion attributivity which will impact plaintiff materially as explained in the attached letter herein. → As well as sealing Plaintiff's opp. reply due March 2, 2020. Plaintiff also requests an extension of time b/c of having to file this motion to seal.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law

☐ my own declaration, affirmation, or affidavit

☒ the following additional documents: A letter explaining with more detailed reasons. 3 pages, for sealing and for an extension to reply b/c of motion request of submission

2/28/2020                    _[signature]_
Dated                        Signature

James Lastra
Name                         Prison Identification # (if incarcerated)

2241 Lafayette Ave    Bronx    New York    10473
Address               City     State       Zip Code

718 822-0728          jsavok@hotmail.com
Telephone Number (if available)    E-mail Address (if available)

Motion denied for reasons as stated in order at Dkt 190, attached.

**SO ORDERED:**
_[signature]_ 3/4/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

SDNY Rev: 5/24/2016

James Lastra
Plaintiff
<u>Febuary 27th, 2020</u>

United States District Court S.D.N.Y.
United States District Court
Magistrate Robert Lehrburger

<u>16 civ 3088</u>
Re: Request Sealing of Defendants' defamatory public letter and request to extend time to file sealed opposition   reply

Dear Judge Lehrburger,
   I write concerning current matters that will negatively and materially impact plaintiff for work in general, specifically in the fashion photography industry of which I am a part of as well my community which has caused me reasonable fear, duress.   As well as extreme emotional and psychological distress due to a public filing by the defendants' counsel Ms. Pellegrino.

   I write urgently <u>requesting the sealing</u> of the Ms. Pellegrino's letter motion because of the <u>implicit defamatory nature</u> of the said letter motion attributing criminal conduct to plaintiff which will negatively impact plaintiff publicly as stated above.   I respectfully need to make the  Court aware that  previously I have also been subjected to vexatious <u>verbal abuse</u> by Ms. Pellegrino over telephone calls in the month of December stating in hostile loud tones that plaintiff has  a criminal record and in her words needed to "see my rap sheet."  <u>Notwithstanding</u>  such disturbing accusations in no way reflects any public record nor any statements from plaintiff.  Counsel raising her voice in a yelling tone with such accusations were to intimidate plaintiff.   Subsequent to that conversation the whole matter was dropped by her, and I would point out that it has been 3 years form the time that this matter was resolved by my former attorney Scott Korenbaum on November 21st 2017 - three years have passed.   <u>Further defense counsel Pellegrino has not submitted the name of any medical expert to testify and offer a medical opinion concerning plaintiff and can not make an argument on any purported medical impact based upon he own non-medical opinion - only conclusory statements.</u>

In fact Ms. Pellegrino's vexatious conduct also included coercive attempts to get me to make false statements regarding  the scheduling   date  of my deposition which caused my family to reach out to your Honor to intervene in accordance with the Court's provision by oral order from a previous court conference during the time that Mr. Jaffe was the city's representative counsel , by his consent.

1

Ms. Pellegrino had demanded that I state verbally that I was refusing to appear for my deposition so that she could put it into writing - which was false. Again Ms. Pellegrino was attempting to mischaracterize plaintiff as refusing to attend his deposition for an unconfirmed date to portray plaintiff to this Court in a false light. When Ms. Pellegrino saw the Court was willing to intervene by agreeing to a telephone conference on Dec. 2nd 2019 to resolve said dispute she immediately decided to modify the date for deposition - Plaintiff had never confirmed the date that she was contending previously and as such did not violate any appearance. I respectfully note to your Honor that plaintiff has been more than compliant and accommodating with both deposition date appearances after multiple, same day, last minute cancellations by defendant after plaintiff had already arrived and was waiting in her office. Further, plaintiff was coerced to stay for over the permitted seven hours set by the Court. Plaintiff was being harassed and falsely portrayed on the record when among other things trying to go over necessary objections I needed to make by going over my list of objections I had brought to refer to. Plaintiff on each and every date for his depositions showed up approximately 30 minutes early.

Of direct pivotal importance in this circumstance, plaintiff has been hindered to address the correction of my deposition transcript which I objected to major portions of because of her conduct to directly mischaracterize my statements and actions during the proceeding. The duress has taken away form my ability to review and correct my deposition transcript which I only received last week and I disputed what she was inaccurately reading into the record concerning my statements. I reasonably submit that she should not be relying upon any alleged statements of said deposition to this Court in support of her letter because that record is in dispute and I clearly objected to her conduct of mischaracterizations at that time during the deposition as well. The timing of her continual disputes not producing the necessary documentary non privileged NYPD patrol guide necessary for deposing the police officers among other documentary evidence interferes with my ability to address the correction of my over 7 hour long deposition transcript which would cause a severe prejudice.

Additionally in her letter she has a number of misrepresentations regarding medical releases and text messages which will mislead this Court by deliberately mischaracterizing me - for example she states to the Court that I did not execute medical releases that she is already in possession of. Specifically from <u>Doctor Person</u> who was my attending physician/specialist at Lennox Hill hospital, among other blatant incorrect statements to this Court. This is being done to impede plaintiff to cause duress and impede plaintiff's time to correct his deposition transcript in order to prejudice plaintiff with follow up motions that rely an inaccurate transcript. By defense counsel impeding plaintiff correcting the deposition transcript would unjustly allow Ms. Pellegrino to rely upon <u>her mischaracterizations of my testimony</u> to be permitted into the official record by impeding and obstructing my ability to correct the record within the legal timeframe of 30 days. She is currently seeking to exploit in her letter application to the Court at this time by referencing inaccurate deposition statements. Additionally I must in my request to "seal" raise another important issue which I respectfully submit the Court is not aware of concerning bias against plaintiff's case and character.

2

Specifically biased statements made by the Court's deputy clerk, Ms. Shah, repeatedly and emphatically stating to plaintiff over the phone that my case should be dismissed on a said telephone call. Most troubling was directly after the March 25th 2019 court conference in the hallway. Plaintiff was waiting on the bench in the hallway for my disabled mother who was in the bathroom on the same floor to come out to leave on the elevator. During the time I was waiting for her, a male Court building staff worker not connected with my case in any way was waiting for the elevator. Plaintiff stated to him from the bench area where plaintiff was sitting, that plaintiff was waiting for his elderly mother to come out of the bathroom. Ms. Shah had come out by the elevator where the male worker was standing and according to that same male worker - she had told him to not speak to me (plaintiff).

My email herein is written solely for the purpose of my request to seal the Pellegrino letter motion and my subsequent reply due to the negative impact upon plaintiff for future work and in my community as stated above. This is in no way serves as a reply to Ms. Pellegrino's letter motion which I prayerfully urge and request to be submitted under seal, removed from the public record.

Plaintiff did contact, via telephone, Ms. Pellegrino to request that she withdraw her letter motion and refile it under seal with the corrections concerning misrepresentations of my executed medical releases because among other things she did not confer with plaintiff over two weeks regarding her overlybroad, three year untimely request. She refused to make the corrections and refile it.

I respectfully request additional time to submit a reply under seal and or a conference because of the breadth confidentiality of the pivotal maters involved which also include defense counsel's refusal to produce basic documentary evidence ( the NYPD patrol Guide)

I need to conduct the depositions of the police officers, most importantly the NYPD patrol guide which has been established by the NYCLU as not privileged as well as photos of the precinct to ask questions of the defendant officers.
WHEREFORE Plaintiff prayerfully urges the Court to seal Ms. Pellegrino's letter motion from public view and plaintiff's upcoming opposition reply, as well as a short extension to submit said opposition. ?[1]

Sincerely,

James Lastra

Please find herein attached in email documentary proof of being accepted by two well known modeling agencies to do test shoos with their models - also supplied to defense counsel contrary to what she wrote to your Honor

---

[1] footnote 1)   Plaintiff needs to utilize the legal research terminals at the courthouse or law library

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES LASTRA,

                      Plaintiff,

       - against -

CITY OF NEW YORK, et al.,

                      Defendants.
------------------------------------------------------------X

16-cv-3088 (JGK) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the lengthy email Plaintiff sent to chambers on February 27, 2020, a copy of which is attached to this order:

1.    Plaintiff's request to seal Defendants' letter motion dated February 21, 2020 is denied. The substance of the letter does not meet the Second Circuit standards for sealing.

2.    Plaintiff's time to respond to the February 21 letter is extended to March 9, 2020.

3.    Plaintiff is reminded not to send email to chambers and to instead submit communications to the Court through the pro se office.

4.    Defendant shall bring to the March 11, 2020 settlement conference any additional HIPAA or other releases that Defendants requires Plaintiff to sign. The Court will determine at that time which releases, if any, Plaintiff must sign.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2020
      New York, New York

Copies transmitted to all counsel of record and mailed to:

    James Lastra
    2241 Lafayette Avenue
    Bronx, New York 10473

## Amanda Giglio

| | |
|---|---|
| **From:** | Jamie L. <jsavak@hotmail.com> |
| **Sent:** | Thursday, February 27, 2020 3:01 PM |
| **To:** | Lehrburger NYSD Chambers; Pellegrino, Nicolette (Law) |
| **Subject:** | Sealing of Defendants' defamatory public letter and request to extend time to file sealed opp reply 16 civ 3088 |
| **Attachments:** | ModelingAgencyProofOne.jpg |

Dear Judge Lehrburger,

I write concerning current matters that will negatively impact plaintiff for work in general, specifically in the fashion photography industry of which I am a part of as well my community which has caused me reasonable fear, duress, as well as extreme emotional and psychological distress due to a public filing by the defendants' counsel Ms. Pellegrino.

I write urgently <u>requesting the sealing</u> of the Ms. Pellegrino's letter motion because of the <u>implicit defamatory nature</u> of the said letter motion attributing criminal conduct to plaintiff which will negatively impact plaintiff publicly as stated above. I respectfully need to make the Court aware that previously I have also been subjected to vexatious <u>verbal abuse</u> by Ms. Pellegrino over telephone calls in the month of December stating in hostile loud tones that plaintiff has a criminal record and in her words needed to "see my rap sheet." <u>Notwithstanding</u> such disturbing accusations in no way reflects any public record nor any statements from plaintiff. Counsel raising her voice in a yelling tone with such accusations were to intimidate plaintiff. Subsequent to that conversation the whole matter was dropped by her, and I would point out that it has been 3 years form the time that this matter was resolved by my former attorney Scott Korenbaum on November 21st 2017 - three years have passed.

In fact Ms. Pellegrino's vexatious conduct also included coercive attempts to get me to make false statements regarding the sheduling date of my deposition which caused my family to reach out to your Honor to intervene in accordance with the Court's provision by oral order from a previous court conference during the time that Mr. Jaffe was the city's representative counsel, by his consent.

Ms. Pellegrino had demanded that I state verbally that I was refusing to appear for my deposition so that she could put it into writing. Again Ms. Pellegrino was attempting to mischaracterize plaintiff as refusing to attend his deposition for an unconfirmed date to portray plaintiff to this Court in a false light. When Ms. Pellegrino saw the Court was willing to intervene by agreeing to a telephone conference on Dec. 2nd 2019 to resolve said dispute she immediately decided to modify the date for deposition - Plaintiff had never confirmed the date that she was contending previously and as such did not violate any appearance. I respectfully note to your Honor that plaintiff has been more than compliant and accommodating with both deposition date appearances after <u>multiple, same day, last minute cancellations by defendant after plaintiff had already arrived and was waiting in her office. Further, plaintiff was coerced to stay for over the permitted seven hours set by the Court.</u> Plaintiff was being harassed and falsely portrayed on the record when among other things trying to go over necessary objections I needed to make by going over my list of objections I had brought to refer to. Plaintiff on each and every date for his depositions showed up approximately 30 minutes early.

1

Of direct pivotal importance in this circumstance, plaintiff has been hindered to address the correction of my deposition transcript which I objected to major portions of because of her conduct to directly mischaracterize my statements and actions during the proceeding. The duress has taken away form my ability to review and correct my deposition transcript which <u>I only received last week</u> and I disputed what she was <u>inaccurately</u> reading into the record concerning my statements. I reasonably submit that she should not be relying upon any alleged statements of said deposition to this Court in support of her letter because that record is in dispute and I clearly objected to her conduct of mischaracterizations at that time during the deposition as well. The timing of her continual disputes not producing the necessary documentary non privileged NYPD patrol guide necessary for deposing the police officers among other documentary evidence interferes with my ability to address the correction of my over 7 hour long deposition transcript which would cause a severe prejudice.

Additionally in her letter she has a number of misrepresentations regarding medical releases and text messages which will mislead this Court by deliberately mischaracterizing me - for example she states to the Court that I did not execute medical releases that she is already in possession of. Specifically from <u>Doctor Person</u> who was my attending physician/specialist at Lennox Hill hospital, among other blatant incorrect statements to this Court. This is being done to impede plaintiff to cause duress and impede plaintiff's time to correct his deposition transcript in order to prejudice plaintiff with follow up motions that rely an inaccurate transcript. By defense counsel impeding plaintiff correcting the deposition transcript would unjustly allow Ms. Pellegrino to rely upon <u>her mischaracterizations of my testimony</u> to be permitted into the official record by impeding and obstructing my ability to correct the record within the legal timeframe of 30 days. She is currently seeking to exploit in her letter application to the Court at this time by referencing inaccurate deposition statements.

Additionally I must in my request to "seal" raise another important issue which I respectfully submit the Court is not aware of concerning bias against plaintiff's case and character.

Specifically biased statements made by the Court's deputy clerk, Ms. Shah, repeatedly and emphatically stating to plaintiff over the phone that my case should be dismissed on a said telephone call. Most troubling was directly after the March 25th 2019 court conference in the hallway. Plaintiff was waiting on the bench in the hallway for my disabled mother who was in the bathroom on the same floor to come out to leave on the elevator. During the time I was waiting for her, a male Court building staff worker not connected with my case in any way was waiting for the elevator. Plaintiff stated to him from the bench area where plaintiff was sitting, that plaintiff was waiting for his elderly mother to come out of the bathroom. Ms. Shah had come out by the elevator where the male worker was standing and according to that same male worker - she had told him to not speak to me (plaintiff).

My email herein is written solely for the purpose of my request to seal the Pellegrino letter motion and my subsequent reply due to the negative impact upon plaintiff for future work and in my community as stated above. <u>This is in no way serves as a reply</u> to Ms. Pellegrino's letter motion which I prayerfully urge and request to be submitted under seal, removed from the public record.

Plaintiff did contact, via telephone, Ms. Pellegrino to request that she withdraw her letter it and refile it under seal with the corrections concerning misrepresentations of my executed medical releases because among other things she did not confer with plaintiff over two weeks. She refused to make the corrections and refile it.

<u>I respectfully request additional time to submit a reply under seal and or a conference because of the breadth confidentiality of the pivotal maters involved</u> which also include defense counsel's refusal to produce basic documentary evidence ( the NYPD patrol Guide)

I need to conduct the depositions of the police officers, most importantly the NYPD patrol guide which has been established by the NYCLU as not privileged as well as photos of the precinct to ask questions of the defendant officers.

WHEREFORE  Plaintiff prayerfully urges the Court to seal Ms. Pellegrino's letter motion from public view and plaintiff's upcoming opposition reply, as well as a short extension to submit said opposition. 1 footnote

Sincerely
James Lastra

Please find herein documentary proof of being accepted by two well known modeling agencies to do test shoos with their models - also supplied to defense counsel contrary to what she wrote to your Honor

footnote 1)   Plaintiff needs to utilize the legal research terminals at the courthouse or law library