```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────────────

**JAMES LASTRA,**

                **Plaintiff,**

            **- against –**

**CITY OF NEW YORK, ET AL.,**

                **Defendants.**

**16-cv-3088 (JGK)**

<u>ORDER</u>

─────────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The Court received the attached email and documents from the plaintiff. The schedule remains the same. The plaintiff may file objections by July 21, 2020 and the defendants may respond by July 24, 2020.

**SO ORDERED.**

**Dated:**    **New York, New York**
            **July 17, 2020**

                                <u>/s/ John G. Koeltl</u>
                                    **John G. Koeltl**
                           **United States District Judge**

## Koeltl NYSD Chambers

**From:** Jamie L. <jsavak@hotmail.com>
**Sent:** Friday, July 17, 2020 1:25 PM
**To:** Pellegrino, Nicolette (Law); Koeltl NYSD Chambers
**Subject:** Re: letter regarding Defendants counsel's July 15th letter - This is not my appeal
**Attachments:** Defendants' 07-15-2020 Opp. (Lastra James) - Dkt. No. 208.pdf; Edwards v City of New YorkTwo.pdf

Dear Judge Koeltl,

   I am writing briefly for the purposes of providing some clarification regarding the erroneous iteration contained in part II of Ms. Pellegrino's letter reply to my letter request for an extension of time-- my letter application was solely for an extension and not, as she is trying to treat it, as an argument which needs to be supported with facts in an appeal- facts I contend she deliberately omitted at the conference. Notwithstanding that, Ms. Pellegrino's statement concerning compliance with the 160.50 form is incorrect and distorts the facts by her omitting information in her custody at the conference - specifically the list she refers to concerning local rule 83.10. As stated in my pdf letter, my previous attorneys Mr. Korenbaum and Mr. Schotter complied with the 160.50 and Mr. Korenbaum esq. already provided a list pursuant to 83.10. Yet, Ms. Pellegrino claims she can't recall seeing the list document, but it is indeed in the document production Mr. Korenbaum submitted to the attorneys for defendants in City's law offices in 2017. The City's attorneys, never objected nor submitted a deficiency letter in over two years(almost three years).

This parallels the **Edwards v City of New York case SDNY 2018 SDNY WL 1240305** cited in plaintiff's letter and at the teleconference. Ms. Pellegrino seeks to convolute the issue by misinterpreting that case and omitting information to the Court of the fact the city's law offices were already in receipt of that list. See , **Edwards v City of New York, 2018 SDNY WL 1240305 at *2**   The Court states at * 2 :
" Edwards contends that the defendants 'waived the particular objection that they now belatedly raise in this instant letter,' because ....[t]he Defendants admit that they did not serve Plaintiff with a deficiency letter until October 5th, 2017....the Defendants then waited an additional four months to raise this issue again. Now , nearly five months after plaintiff served his discovery responses and two months after Plaintiff's deposition the defendants seek sealed documents which have no bearing on this litigation."

**Ms. Pellegrino omitted the relevant information concerning the list that was and is already in the city's law offices custody (since 2017) at the teleconference by stating at the conference that she "couldn't remember, " when asked.**

**Defense counsel Ms. Pellegrino misrepresented the facts because if she had stated the facts concerning the list during the conference, it would have undermined her almost 3-year late failure to submit a deficiency letter. As is paralleled in the Edwards v City of New York  2018 SDNY  WL 1240305 case.**

Plaintiff respectfully asserts she should not get that relief by omitting facts concerning the list that was already produced and in the city law offices possession for almost 3 years.  She omitted that information to the Court in order to get a favorable decision. And she should be compelled to produce that list that was provided in discovery production in 2017.  And even now she is continuing to omit this crucial information to this Court regarding the list produced by Mr. Korenbaum.

Had she been forthright by telling the judge that she actually had the list that Plaintiff's attorney Mr. Korenabum gave in discovery production way back in 2017 she would probably would have been denied her request. But she withheld information by claiming "she can't remember." If she couldn't remember she should have gone back to the file to refresh her memory. By withholding that information to the Court under the pretext of not remembering she is impeding important facts being brought to the Courts attention to render a fair determination parallel to the Edwards v City of New York case. And Plaintiff respectfully suggests she should now produce that list since on a previous recent phone call I had with her she states that she reviewed the file and still "can't remember" if she has it and that the details arent important.

In the Edwards case the defense counsel at *1 even claimed they did not get a complete list from Edwards - And notwithstanding that the Court denied their request because it was late, not relevant, and not proportional to the needs of the case. In Edwards' case, Edward's had a rap sheet. But in my case, Plaintiff, James Lastra, does not have a rap sheet.

It is quite upsetting because plaintiff knows for a fact that they have the list and the 160.50 form - all produced in 2017.

Defense counsel is even distorting the adjournment - the adjournments were mainly a direct result of the pandemic - where everything shut down.

<u>Lastly this letter is not my appeal</u> which I will submit on July 21st. This letter is only to correct what I assert are her incorrect iterations in her reply letter to the Court which she submitted on July 15, 2020 attached herein.

Respectfully submitted


James Lastra

PS I only became aware of Honor's current order on Thursday July 16th

---

**From:** Pellegrino, Nicolette (Law) <npellegr@law.nyc.gov>
**Sent:** Wednesday, July 15, 2020 1:41 PM
**To:** Jamie L. <jsavak@hotmail.com>
**Subject:** Courtesy Copy of the Defendants' July 15, 2020 Letter

Good Afternoon Mr. Lastra,

Attached please find a courtesy copy of the Defendants' July 15, 2020 Letter in Opposition (Dkt. No. 208).

Best,

**Nicolette Pellegrino**
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, NY 10007
212.356.2338
npellegr@law.nyc.gov

Case 1:16-cv-03088-JGK-RWL   Document 210   Filed 07/17/20   Page 4 of 10

Edwards v. City of New York, Not Reported in Fed. Supp. (2018)

2018 WL 1240305
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Ramel EDWARDS, Plaintiff,
v.
The CITY OF NEW YORK, Undercover Police Officer Shield # 0048, and John Doe, Defendants.

16-CV-9124 (PGG) (KNF)
|
Signed 03/08/2018

**Attorneys and Law Firms**

Jessica Massimi, The Law Offices of Michael S. Lamonsoff, PLLC, New York, NY, for Plaintiff.

John L. Garcia, New York City Law Department, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

KEVIN NATHANIEL FOX, UNITED STATES MAGISTRATE JUDGE

*Discovery Dispute Docket Entry No. 41*

 *1 Ramel Edwards ("Edwards") commenced this action, asserting false arrest, denial of his right to a fair trial, malicious prosecution and municipal liability, pursuant to 42 U.S.C. §§ 1983 and 1988. Edwards alleges that, on January 29, 2016, while he "was lawfully present inside 1420 Grand Concourse, County of the Bronx, City and State of New York," "Undercover Police Officer Shield # 0048 ("UC 48") and John Doe arrived in uniform and on duty," and "[w]ithout any explanation, warning, or justification, one of the individual Defendants drew his gun pointed it at the Plaintiff, and instructed him to get against the wall." Edwards was arrested and "arraigned on a criminal complaint containing false allegations sworn to by [UC 48] ... that Plaintiff possessed and sold marijuana." Thereafter, "all charges against Plaintiff were dismissed in their entirety on June 15, 2016." Before the Court is the parties' joint letter, dated February 23, 2018, in which: (a) the defendants "request that the Court compel Plaintiff to provide a properly completed and executed blanket [New York Criminal Procedure Law ('CPL') ] § 160.50 [1] release by a date certain"; and (b) Edwards requests "that the Court issue a protective Order regarding documents related to Plaintiff's arrests." Docket Entry No. 41.

The defendants served Edwards with their first set of document requests, on August 1, 2017, including Document Request No. 12, which states:

> Complete and provide the annexed blank authorization for access to plaintiff's records that may be sealed pursuant to N. Y. C. P. L. §§ 160.50 and 160.55. Note that the authorizations for access to plaintiff's records [that] may be sealed pursuant to N.Y.C.P.L. §§ 160.50 and 160.55 that is annexed hereto differs from the authorization that may have been provided at the outset of this litigation in that it is not limited to documents pertaining to the arrest and/or prosecution that is the subject of this litigation.

On August 31, 2017, Edwards objected to Document Request No. 12 as follows: "Plaintiff objects on the grounds the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff hereby encloses said authorization." The defendants contend that the plaintiff's "enclosed authorization, however, was not the requested release, but rather a release that contained the same language as the release that Plaintiff provided at the onset of litigation, pursuant to Local Civil Rule 83.10." On October 5, 2017, the defendants served Edwards with a deficiency letter, requesting "that Plaintiff provide a blanket § 160.50 Release." Edwards responded the same day that he "will not be providing a 160.50 release beyond that which was provided at the outset of this litigation." According to the defendants, on February 2, 2018, they "raised this issue again" via an e-mail message, and "Plaintiff again stated that he will not be providing a blanket § 160.50 Release. Defendants now move to compel same." The defendants assert that, since Edwards stated in response to their Document Request No. 12 that "he would provide 'said authorization,' " he "should be compelled to provide the proper blanket § 160.50 release, which he said he would provide and to which he asserted no

**Case 1:16-cv-03088-JGK-RWL   Document 210   Filed 07/17/20   Page 5 of 10**

Edwards v. City of New York, Not Reported in Fed. Supp. (2018)

valid objection." The defendants contend that "[t]he full arrest history of a plaintiff bringing a false arrest claim is relevant to any defense regarding causation and the severity of that [sic] plaintiff's alleged damages." According to the defendants, "courts in this Circuit routinely require production of blanket § 160.50 release in false arrest and malicious prosecution cases," because "[i]nformation about [Edwards's] prior arrests is plainly relevant to mitigate or controvert his damages." Moreover, the defendants "produced a list of Plaintiff's arrest[s] showing that Plaintiff was arrested 20 times before the arrest at issue," and if "Plaintiff challenges the accuracy of Defendants' production of Plaintiff s list of arrests, Defendants require the underlying arrest records as a means of further verification that Plaintiff was in fact arrested on the dates listed." Since the plaintiff s "New York State Rap Sheet only shows one of Plaintiff's 20 prior arrests, thereby indicating that the remaining 19 arrests are sealed," the defendants can only obtain those records with a "blanket release."

**\*2** Edwards contends that the defendants "waived the particular objection that they now belatedly raise in this instant letter," because

[t]he Defendants admit that they did not serve Plaintiff with a deficiency letter until October 5, 2017, where they requested that Plaintiff provide a blanket § 160.50 Release. Plaintiff responded by letter that same day stating that, "Plaintiff will not be providing a 160.50 release beyond that which was provided at the outset of this litigation." The defendants then waited an additional four months to raise this issue again. Now, nearly five months after Plaintiff served his discovery responses and two months after Plaintiff's deposition, the Defendants seek sealed documents which have no bearing on this litigation. Contrary to Defendants' contentions, at the outset of this litigation, Plaintiff provided the Defendants with a § 160.50 Release allowing them to access (1) sealed records related to the arrest underlying this incident, and (2) a list of all of Plaintiff's prior arrests. That Plaintiff responded to Defendants' document requests—*six months ago*—stating that the broader, blanket § 160.50 Release would be provided was an error. Plaintiff objects to providing the blanket § 160.50 release on the grounds that it is irrelevant to any claim or defense and is not proportional to the needs of this case.

Edwards asserts that the defendants' request "is premised on their apparent belief that they will be permitted to inform the jury at trial about Plaintiff's prior arrests that did not result in convictions. However, Courts in this circuit have ruled that this type of information is not admissible at trial." Edwards seeks a protective order "regarding documents related to [his] arrests which are unrelated to this incident."

*Legal Standard*

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations —stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things.

Fed. R. Civ. P. 34(a)(1).

**\*3** "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if ... a party fails to produce documents." Fed. R. Civ. P. 37(a)(3)(B)(iv). Motions to compel, pursuant to Fed. R. Civ. P. 37, are left to the sound discretion of the court. See United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).

*Application of Legal Standard*

The defendants' Document Request No. 12 does not seek to inspect, copy, test or sample any documents or tangible things, as Rule 34 of the Federal Rules of Civil Procedure contemplates; rather, it requests that the plaintiff "[c]omplete and provide the annexed blank authorization for access to plaintiff's records that may be sealed pursuant to N.Y.C.P.L. §§ 160.50 and 160.55." No rule or binding authority requires Edwards to "[c]omplete and provide ... the annexed blank authorization" prepared by the defendants, and the defendants do not make citation to any authority to the contrary. The defendants knew, on March 31, 2017, that Edwards responded to their Document Request No. 12 by producing the same release that he already produced at the beginning of litigation, as required by Local Civil Rule 83.10 of this court. The defendants do not explain why they waited: (a) from August 31, 2017, until October 5, 2017, to serve Edwards "with a deficiency letter"; or (b) from October 5, 2017, when Edward responded to their deficiency letter informing the defendants that he "will not be providing a 160.50 release beyond that which was provided at the outset of this litigation," to February 23, 2018, to raise this issue with Court.

Notwithstanding the defendants' lack of diligence and the fact that their Document Request No. 12 does not seek any documents but requests that Edwards complete "the annexed blank authorization" the defendants prepared, the Court finds that Edwards did not waive his objection based on relevancy to the defendants' Document Request No. 12, seeking, implicitly, all Edwards's records sealed pursuant to CPL § 160.50. In support of their position that Edwards's "full arrest history" is "relevant to any defenses regarding causation and the severity of ... plaintiff's alleged damages," the defendants rely on "courts in this Circuit" that "routinely require production of blanket § 160.50 Releases in false arrest and malicious prosecution cases." However, the Court is not convinced by the explanation of relevancy proffered by the defendants, namely,

> "[c]learly, it could be credibly argued that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained." Wilson v. City of New York, 06 Civ. 229 (AAR) (VVP), 2006

U.S. Dist. LEXIS 90050 at *1-2 (E.D.N.Y. Dec. 13, 2006). The same conclusion was reached in Cicero v. City of New York, No. 11 CV 0360 (NGG) (CLP), 2011 U.S. Dist. LEXIS 80880, 2011 WL 3099898 .D.N.Y. July 25, 2011). Here, Plaintiff is claiming emotional injuries stemming from his arrest and prosecution at issue. Information about his prior arrests is plainly relevant to mitigate or controvert his damages.

Edwards served the defendants with: (i) the release pursuant to CPL § 160.50 for sealed arrest records for the arrest that is the subject of his complaint; and (ii) a list of all prior arrests, as required by Local Civil Rule 83.10 of this court. Edwards alleges in his complaint that, "[a]s a result" of the defendants' conduct in connection with his arrest that is the subject of this action, he sustained "mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights," Docket Entry No. 1, ¶ 34. Given that Edwards does not make any allegations related to his prior arrests, which are unrelated to the underlying arrest in this action, the Court finds that Edwards's prior arrest records, sealed pursuant to CPL ¶ 160.50, are irrelevant to the claims and defenses in this action and not proportional to the needs of the case. Accordingly, Edwards's objection to the defendants' Document Request No. 12, based on the ground of relevancy, is sustained, and compelling Edwards to "provide the proper blanket § 160.50 release" is not warranted. Given that Edwards need not "provide the proper blanket § 160.50 release," no protective order is warranted.

*Conclusion*

 *4  For the foregoing reasons: (a) the defendants' request to "compel Plaintiff to provide a properly completed and executed blanket § 160.50 release by a date certain"; and (b) Edwards's request "that the Court issue a protective order regarding documents related to Plaintiff's arrests," in the parties' joint February 23, 2018 letter, Docket Entry No. 41, are denied.

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 1240305

Footnotes

1   CPL § 160.50(1) provides, in pertinent part: "Upon the termination of a criminal action or proceeding against a person in favor of such person ... the records of such action or proceeding shall be sealed."

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.



**THE CITY OF NEW YORK**

| JAMES E. JOHNSON | **LAW DEPARTMENT** | NICOLETTE PELLEGRINO |
|---|---|---|
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Assistant Corporation Counsel*<br>Phone: (212) 356-2338<br>Fax: (212) 356-3509<br>Email: npellegr@law.nyc.gov |

July 15, 2020

VIA E.C.F.
Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    James Lastra v. City of New York, et al.,
              16 Civ. 3088 (JGK) (RWL)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendants the City of New York, New York City Police ("NYPD") Officer Deshawn Edmonds, and NYPD Officer James Antoine (collectively, "Defendants") in the above referenced matter. The Defendants write in opposition to the Plaintiff's July 14, 2020 Letter.

**I.    Relevant Background**

        By way of background, on June 30, 2020, the parties participated in a discovery conference before the Court, and the Court ordered Plaintiff to, among other things, execute and produce a release that would allow the Defendants to obtain a list of his prior arrests, if any, from the NYPD. (See June 30, 2020 Dkt. Entry.) On July 1, 2020, the Court memorialized its rulings from the discovery conference and specifically directed Plaintiff to, by July 21, 2020, "provide a fully executed release for records from the arrest at issue in this case and for a list of his prior arrests, if any" (*i.e.*, a release pursuant to Local Civil Rule 83.10, commonly known as "the Plan") (hereinafter, "Release Pursuant to the Plan"). (See Dkt. No. 204.)

        Fifteen days from the Court's June 30, 2020 verbal Order, and fourteen days from the Court's written Order, the Plaintiff e-mailed an extension request to your Honor, seeking an extension of time to file an appeal concerning the Court's Order, mainly regarding the Release Pursuant to the Plan, and also to stay the deadlines set forth in the July 1, 2020 Order until the Court is able to make a decision on the Plaintiff's appeal. (See Plaintiff's July 14, 2020 Letter at pp. 1-2.) Among other reasons, Plaintiff argues that: (a) he did not have adequate time to prepare

for the June 30, 2020 conference, and (b) the undersigned was "speaking in a tone that was not audible" during the conference. Plaintiff further references Edwards v. City of New York, 16-CV-9124 (PGG) (KNF), 2018 WL 1240305 (S.D.N.Y. Mar. 8, 2018) as authority for why the Court should have ruled differently. (See id.)

## II. The Defendants Respectfully Request that the Court Deny the Plaintiff's July 14, 2020 Request.

As an initial matter, in violation of the Court's Individual Rules of Practice, the Plaintiff did not seek the Defendants' consent for an extension of time before contacting the Court, nor did he note whether the Defendants consented to his July 14, 2020 Request.

In addition, the June 30, 2020 Conference, initially scheduled for March 24, 2020, had been adjourned twice at the Plaintiff's request, and for approximately three months, before finally taking place on June 30, 2020. (See Dkt. Nos. 196-197, 202.) Upon information and belief, Plaintiff did not seek any additional adjournment of the June 30, 2020 conference, nor did he make any objection to the conference proceeding on June 30, 2020. In addition, during the conference, Plaintiff did not complain about the quality of the undersigned's audibility.[1]

In any event, Defendants respectfully request that the Court deny Plaintiff's request because Plaintiff's purported "appeal," which is in fact an objection, is without merit. As Magistrate Judge Lehrburger's discovery rulings set forth in the July 1, 2020 Order regard non-dispositive matters, Rule 72(a) of the Federal Rules of Civil Procedure governs. Rule 72(a) states:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is ***clearly erroneous or is contrary to law***.

Fed. R. Civ. Pro. R. 72(a) (emphasis added).

Here, Plaintiff's purported objection to Magistrate Judge Lehrburger's July 1, 2020 Order is without merit because he is unable to demonstrate that any part of the Order is "clearly erroneous or contrary to law." (Id.) First, Plaintiff was required to provide the release at issue at the outset of this litigation pursuant to the Plan, yet he failed to do so. Moreover, in the Edwards case, which Plaintiff cites to in his request, the plaintiff had already provided the defendants with a release pursuant to Local Civil Rule 83.10. See Edwards v. City of New York,

---

[1] Upon information and belief, at one point during the conference, the Plaintiff noted to the Court that he had trouble hearing. As such, the Court and/or the undersigned repeated their relevant statement(s). Upon information and belief, the Plaintiff made no specific complaints concerning whether the undersigned was "speaking in a tone that was not audible."

No. 16-CV-9124 (PGG) (KNF), 2018 U.S. Dist. LEXIS 52080, at *3 (S.D.N.Y. Mar. 8, 2018). Here, that is precisely the kind of release that Magistrate Judge Lehrburger's July 1, 2020 Order directed Plaintiff to execute and produce to the Defendants.

Accordingly, the Defendants respectfully request that the Court deny the Plaintiff's application in its entirety.

The Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC: VIA ELECTRONIC MAIL[2]
James Lastra
*Plaintiff Pro Se*
jsavak@hotmail.com

---

[2] In accordance with the Court's March 23, 2020 Order and the agreement between the parties concerning electronic service pending the coronavirus pandemic, the Defendants will send a copy of this letter to the Plaintiff via e-mail. (See Dkt. No. 197.)

3