**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────

**JAMES LASTRA,**

                  **Plaintiff,**          16-cv-3088 (JGK)

        - against -                   **MEMORANDUM OPINION**
                                                        **AND ORDER**
**CITY OF NEW YORK et al.,**

                  **Defendants.**
────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiff, James Lastra, has filed objections to discovery rulings by Magistrate Judge Lehrburger in a July 1, 2020 Order. Dkt. No. 204 ("Order"). That Order contained one ruling directing a procedure for the defendants to follow relating to production of relevant portions of the Patrol Guide, Id. ¶ 1, and denied the Plaintiff's request to take photographs of Precinct 8, Id. ¶ 2.  The Order also required the plaintiff to produce four categories of documents, Id. ¶¶ 3-6, and contained Scheduling Orders, Id. ¶¶ 7-8.

**I.**

    When considering objections to an order issued by a Magistrate Judge concerning discovery-related matters, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6,

1996). An order is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002) (internal quotation marks omitted). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal quotation marks omitted). A Magistrate Judge's resolution of discovery disputes deserves substantial deference. See, e.g., Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001).

**II.**

While the plaintiff has asserted general complaints about the conduct of discovery in this case, the plaintiff has failed to assert any specific objections to the Magistrate Judge's rulings in paragraphs 3, 4, and 5, namely that he produce any messages or recordings relating to his claims or be precluded from introducing such evidence, that he produce any factual evidence relating to his damages or loss of income, and that he produce a release for his neurologist, Dr. Fleming. Therefore, to the extent that any of the plaintiff's complaints could be read as an objection to those orders, the objections are overruled.

The plaintiff does object to paragraph 6 which required the plaintiff to provide "a fully executed release for records from

the arrest at issue in this case and for a list of his prior arrests, if any." Order ¶ 6. The parties generally refer to this part of the Order as a request for a Section 160.50 Release and as one that is required by the Plan. The plaintiff argues that his former counsel, in fact, provided this release in June 2017, and he has provided a copy of that release, although it is marked up with notations limiting its use. Defense counsel asserts that the release was provided well before she entered the case and it was not in the file. In any event, the defendants argue that the issue is now moot. The plaintiff previously provided the release and it should simply be provided in a usable form without the notations. That is a reasonable request and consistent with the Magistrate Judge's Order. Therefore, the objections to the Magistrate Judge's Order are overruled, and the plaintiff should provide a clean copy of the release within 14 days.

The plaintiff objects to paragraph 2 of the Order that denied the plaintiff's request to take photographs of Precinct 8. It was well within the Magistrate Judge's discretion to balance the relevance of the photographs in this case with the disruption entailed by taking the photographs, particularly during a pandemic, and conclude that any relevance such photographs may have was outweighed by the burdens that such

3

photographing would entail. See generally Fed. R. Civ. P. 26(b)(1).

The plaintiff objects to the fact that the defendants have not produced all of the sections of the Patrol Guide that the plaintiff considers relevant to this case. However, the Magistrate Judge established a procedure for the defendants to identify relevant sections of the Patrol Guide and to provide the plaintiff with the relevant sections of the Patrol Guide that were in effect in 2014 when the plaintiff was arrested. See Order ¶ 1.  There is nothing erroneous or contrary to law in the procedure established by the Magistrate Judge.  To the extent that the plaintiff believes that the procedure has not been followed, the plaintiff can raise that issue with the Magistrate Judge, but it is not a basis to overrule the procedure established by the Magistrate Judge for the production of relevant portions of the Patrol Guide in effect in 2014. The objection to paragraph 1 is overruled.

The plaintiff objects to the discovery schedule established by the Magistrate Judge for the conclusion of discovery. Order ¶¶ 7, 8. These objections are undoubtedly moot because discovery has been stalled by the plaintiff's objections and the Magistrate Judge will have to reset the schedule because discovery plainly has not been completed by August 31, 2020, although the schedule was wholly reasonable when the Magistrate

4

judge fixed it on July 1, 2020, particularly in view of the fact that this case has been pending since 2016. Therefore, the objections are overruled as moot.

In addition to the objections raised with respect to the Magistrate Judge's rulings in his July 1, 2020 Order, the plaintiff levels other complaints against defense counsel, in particular about the identification of other police officers. The plaintiff fails to point to the specific rulings of the Magistrate Judge that he is complaining about, and he has failed to show that any such rulings were clearly erroneous or contrary to law.

**CONCLUSION**

The Court has considered all of the plaintiff's arguments. To the extent that they are not referred to specifically above, they are either moot or without merit.

The plaintiff's Objections to the Magistrate's Judge's July 1, 2020 Order are overruled. The Clerk is directed to close all docket entries relating to the Objections including Dkt. Nos. 210, 211, 215 to 218, and 220.

This Order will be filed on ECF by which the plaintiff has agreed to accept service.

**SO ORDERED.**

**Dated:    New York, New York**
**September 18, 2020**                /s/ John G. Koeltl
                                      **John G. Koeltl**
                                      **United States District Judge**